UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| COURTNEY WILLIS, | ) | CASE NO. 1:21 CV 1165 |
| Petitioner, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| WARDEN RICHARD A. BOWEN, JR. | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | ) ) | |

*Pro se* Petitioner Courtney Willis has filed a Petition seeking a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. No. 1.) He challenges his 2018 conviction in the Cuyahoga County Court of Common Pleas.

Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254, a federal district court is required to examine a habeas corpus petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the petition must be summarily dismissed. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

Upon review, the Court finds that the Petition must be summarily dismissed. Habeas corpus relief under Section 2254 may not be granted unless it appears that the petitioner has exhausted all "remedies available in the courts of the State." 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

On its face, the Petition indicates that Petitioner has not presented the claim he seeks to raise in the Ohio Supreme Court; therefore, he has not fully exhausted his state-court remedies.

Accordingly, Petitioner's motion to proceed *in forma pauperis* in this matter (Doc. No. 5) is granted, and his Petition is dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases. This dismissal is without prejudice to Petitioner's re-filing upon a demonstration that he has fully exhausted his state remedies. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

*/s/ John R. Adams*

JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

DATED: November 29, 2021